**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR. NO. 25-cr-00298 (BAH)** |
| | : | |
| **JACOB SAMUEL WINKLER** | : | |
| **a/k/a JACOB SAMUEL WINCKLER,** | : | |
| | : | |
| **Defendant.** | : | |

## UPDATED JOINT PRETRIAL STATEMENT

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and the defendant, Jacob Winckler, through counsel (collectively with the government, the "parties"), respectfully submit this Updated Joint Pre-Trial Submission, including a neutral statement of the case, case specific voir dire, and proposed preliminary and final jury instructions pursuant to the Court's November 26, 2025, Order.

## Written Statements

On December 8, 2025, the government extended a written plea offer to the defendant via email. The terms were that if the defendant plead guilty to Simple Assault in violation of 22 D.C. Code § 404, The government would agree to dismiss the remaining count of Aiming a Laser Pointer an at Aircraft in violation of 22 U.S.C. § 39A at the time of sentencing. A violation of 22 D.C. Code § 404 carries a maximum sentence of 180 days of imprisonment and/or a fine of $1,000, pursuant to 22 D.C. Code § 3571.01 (a)(4) and an obligation to pay any applicable interest or penalties on fines and restitution not timely made. The government agreed

1

to waive allocution and defer to the Court on the appropriate sentence.

On December 8, 2025, the defendant was informed of the plea offer. On December 8, 2025, the defendant rejected the plea offer.

## Joint Statement of Case

This case is titled *United States v. Jacob Samuel Winckler*. It is a criminal case. Mr. Winckler is charged with Aiming a Laser Pointer at an Aircraft. This case arises from an incident that occurred on September 20, 2025, in the 1600 block of Constitution Avenue NW. The government sought, and a grand jury returned, an indictment against Mr. Winckler for pointing the beam of a laser pointer in the direction of Marine One. Mr. Winckler denies the charge and is presumed innocent.

## Proposed Voir Dire Questions

1. The defendant has been charged in an indictment. An indictment is just the formal way of informing a defendant of the nature of the charges against him. You are not to consider the indictment as indication of guilt. In a criminal trial, every defendant is presumed to be innocent; this presumption remains with him throughout the trial, unless and until he is proven guilty beyond a reasonable doubt. The burden of proving him guilty beyond a reasonable doubt rests with the government, the prosecutor, and the burden never shifts during the course of a trial; a defendant need not prove his innocence or produce any evidence or testify. Those principles of law will underlie the trial of this case. Do you feel that you would be unable to follow those principles of law if selected as a juror in this trial?

2. After you have heard all the evidence, the arguments of the lawyers, and my instructions on the law, if you are persuaded that the defendant is guilty beyond a reasonable doubt, it would

be your duty to vote guilty.  Is there any reason that you could not carry out that duty?

3.      On the other hand, after you have heard all the evidence, the arguments of the lawyers, and my instructions on the law, if you have a reasonable doubt as to the defendant's guilt, then you must vote not guilty.  Is there any reason that you could not carry out that duty?

4.      Mr. Winckler is charged with Aiming a Laser Pointer at an Aircraft.  This case arises from an incident that occurred on September 20, 2025, in the 1600 block of Constitution Avenue NW. Mr. Winckler is accused of pointing the beam of a laser pointer in the direction of Marine One. Mr. Winckler denies this charge.  Do you know anything about the facts and circumstances of this case?

5.      Do you, a family member, or a friend work in, live in, or frequent the area of the 1600 block of Constitution Avenue NW?

6.      The government is represented by Assistant United States Attorney Brittany Keil from the United States Attorney's Office.  Do you know this individual?

6a. Have you ever worked for or otherwise dealt with the United States Attorney's Office or a district attorney's office, or an attorney general's office?

7.      The defendant is Jacob Samuel Winckler.  Do you know him?

8.      Mr. Winckler is represented by Assistant Federal Public Defenders Alexis Gardner and Ubong Akpan, and are joined at counsel table by paralegal _____.  Do you know the members of the defense team?

8a. Have you ever worked for or otherwise dealt with the Federal Public Defender's Office, defense attorneys, or a private law firm?

9.      The government will call a number of witnesses to testify during the trial.  The defense

may also, but is not required to call witnesses. The AUSA will now read a list of names of witnesses whom you may hear from and of people whom you may hear about during the trial. The defense will do the same. Not all of these individuals will necessarily testify, but they are being introduced to determine whether any of you know any of the prospective witnesses or other individuals involved in this case. Do you know any of the people just announced?

10.    Please take a look around. Do you know any other member of the panel, for example from work, school, socially, prior jury service, or your neighborhood?

11.    In this case law enforcement agents and officers will testify. Would you be inclined to give greater or lesser weight to the testimony of a law enforcement agent or officer simply because they are an agent or officer?

12.    Are you, a family member, or a friend employed in law enforcement or military? Law enforcement includes the FBI, CIA, the United States Secret Service, the United States Capitol Police, National Guard, Department of Homeland Security, and other federal law enforcement agencies as well as MPD and other local law enforcement agencies. Military includes the United States Army, the Navy, the National Guard, the Marine Corps, the Air Force, and the Coast Guard.

12a. Have any of you, any family members, or close friends, ever been active members or participants in any crime-prevention organizations, such as a neighborhood watch or the orange hats, or in any group concerned with the criminal-justice system?

12b. Have any of you, any family members, or close friends, ever participated in any type of organization or program that advances the interest of law enforcement officers or their families or provided financial contributions to such efforts?

13.    Have you, a family member, or a friend, had an experience with law enforcement that may

4

affect your ability to be fair in this case?

14.    Are you, a family member, or a friend employed by a court, including the United States District Court and the D.C. Superior Court, or ever worked at a courthouse or for a court system, including as a probation or parole officer?

15.    Are you a lawyer or have you studied law?

16.    Are you, a family member, or friend now or previously employed by a prosecutor's office or a criminal defense lawyer or have an application pending for a prosecutor's office or criminal defense lawyer or firm?

17.    Have you ever served on a grand jury or as a juror in the trial of a criminal case?

18.    Have you, a family member, or a friend been the victim of, witness to, or accused of a crime?

19.    Have you seen, read, or heard any media coverage about this incident? There may be media coverage of this trial. To assure that the decision of jury in this case is not based upon influences outside the courtroom, the Court will instruct you to avoid reading about the case in the newspapers or listening to any radio or television reports concerning this case including news coverage or communications on the internet or social media. Would you have any difficulty following these restrictions?

20.    Do you have any religious, social, or moral beliefs, which would affect your ability to sit in judgment in a criminal case?

21.    Anyone who is selected to serve on this jury will take an oath to follow the law as instructed by this Court. Is there any reason you would not be able to accept and follow the Court's instructions regarding the law?

22.     The presentation of evidence in this trial will last about one to two days; the length of deliberations is determined by the jury itself.  Do you have any urgent or important matters to attend to this week that would make it difficult for you to serve on the jury in this case?

23.     Are you presently taking any medication that might affect your ability to serve as a juror in this case?  Are you experiencing any other physical or mental conditions which might in any way affect your ability to give your full attention to this case, which includes sitting for long periods of time without a break?  Do you have any problems with your eyesight or hearing?

24.     Are you able to read, write, and understand English?

25.     Do you know of any other reason, not already discussed, why you feel you cannot sit as a juror in this case and render a fair and impartial verdict in this case, based solely on the evidence presented?

## **<u>Proposed Jury Instructions</u>**

I. Preliminary Instructions.

**Instruction 1.102 PRELIMINARY INSTRUCTION BEFORE TRIAL[1]**

Before we begin the trial, I want to explain some of the legal rules that will be important in this trial. I want to emphasize that these remarks are not meant to be a substitute for the detailed instructions that I will give at the end of the trial just before you start your deliberations. These preliminary instructions are intended to give you a sense of what will be going on in the courtroom and what your responsibilities as jurors will be.

**Instruction 1.107 PRELIMINARY INSTRUCTION TO JURY WHERE IDENTITY OF ALTERNATES IS NOT DISCLOSED**

You have probably noticed that there are fourteen of you sitting in the jury box. Only twelve of you will retire to deliberate in this matter. Before any of you even entered the courtroom, we randomly selected the alternates' seats. I will not disclose who the alternate jurors are until the end of my final instructions just before you begin your deliberations. As any seat might turn out to be an alternate's seat, it is important that each of you think of yourselves as regular jurors during this trial, and that all of you give this case your fullest and most serious attention.

**Instruction 1.108 A JUROR'S RECOGNITION OF A WITNESS OR OTHER PARTY CONNECTED TO THE CASE**

At the beginning of the jury selection process, you were introduced to some witnesses in person. Others were identified to you only by name. If, at any time during this trial, you suddenly realize that you recognize or might know any witness, lawyer, someone who is mentioned in the

---

[1] Unless otherwise indicated, these instructions are derived from the Criminal Jury Instructions for the District of Columbia (the "Redbook") 5th Edition, 2024 Release.

testimony or evidence, or anyone else connected with this case in any way, you should raise your hand immediately and ask to speak with me.

**Resume Instruction 1.102**

Now let me explain briefly some of the procedures we will follow and some of the rules of law that will be important in this case. This is a criminal case that began when the grand jury returned an indictment.

In summary, the indictment charges that on September 20, 2025, in the 1600 block of Constitution Avenue NW, Mr. Winckler aimed the beam of a laser pointer in the direction of Marine One. Mr. Winckler denies the charge.

You should understand clearly that the indictment that I just summarized is not evidence. The indictment is just a formal way of charging a person with a crime in order to bring him to trial. You must not think of the indictment as any evidence of the guilt of the defendant, or draw any conclusion about the guilt of the defendant just because he has been indicted.

At the end of the trial, you will have to decide whether or not the evidence presented has convinced you beyond a reasonable doubt that Mr. Winckler committed the offense with which he has been charged. Mr. Winckler has been charged with one offense: Count 1 of the indictment charges a violation of 18 U.S.C. § 39A: Aiming a Laser Pointer at an Aircraft, which makes it unlawful for someone to knowingly aim the beam of a laser pointer at an aircraft or its flight path.

I will give you detailed instructions at the conclusion of the trial as to what the offense charged in this case requires the government to prove beyond a reasonable doubt.

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until he is proven guilty

beyond a reasonable doubt. The burden is on the government to prove the defendant guilty beyond a reasonable doubt, and that burden of proof never shifts throughout the trial. The law does not require a defendant to prove his innocence or to produce any evidence. If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which the defendant is charged, it is your duty to find him guilty of that offense.  On the other hand, if you find that the government has failed to prove any element of a particular offense beyond a reasonable doubt, you must find the defendant not guilty of that offense.

As I explain how the trial will proceed, I will refer to the "government" and to the "defense" or the "defendant."  When I mention the "government," I am referring to Assistant United States Attorney Jonathan Hornok.  When I mention the defendant or the defense, I am referring either to Mr. Winckler or his attorneys: Assistant Federal Public Defenders Alexis Gardner and Ubong Akpan.

As the first step in this trial, the government and the defense will have an opportunity to make opening statements. The defense may make an opening statement immediately after the government's opening statement or he may wait until the beginning of his case, or he may choose not to make an opening statement at all.  You should understand that the opening statements are not evidence. They are only intended to help you understand the evidence that the lawyers expect will be introduced.

After the opening statement or statements, the government will put on what is called its case-in-chief. This means that the government will call witnesses to the witness stand and ask them questions. This is called direct examination. When the government is finished, the defense may ask questions. This is called cross-examination. When the defense is finished, the government may

have brief re-direct examination. After the government presents its evidence, the defendant may present evidence, but he is not required to do so. The law does not require a defendant to prove his innocence or to produce any evidence. If the defense does put on evidence, his attorney will call witnesses to the stand and ask questions on direct examination, one of the prosecutors will cross-examine, and the defendant's attorney may have brief re-direct examination. When the defense is finished, the government may offer a rebuttal case, which would operate along the same lines as its case-in-chief.

At the end of all the evidence, I will instruct you once more on the rules of law that you are to apply in your deliberations when you retire to consider your verdict in this case. Then each side will have a chance to present closing arguments in support of its case. The statements of the lawyers in their closing arguments, just as in their questions and in their opening statements, are not evidence in this case. They are intended only to help you understand the evidence and what each side claims the evidence shows. Finally, at the end of the closing arguments, I will have a few additional instructions for you before you begin your deliberations.

I want to briefly describe my responsibilities as the judge and your responsibilities as the jury. My responsibility is to conduct this trial in an orderly, fair, and efficient manner, to rule on legal questions that come up in the course of the trial, and to instruct you about the law that applies to this case. It is your sworn duty as jurors to accept and apply the law as I state it to you.

Your responsibility as jurors is to determine the facts in the case. You—and only you—are the judges of the facts. You alone determine the weight, the effect, and the value of the evidence, as well as the credibility or believability of the witnesses. You must consider and weigh the testimony of all witnesses who appear before you. You alone must decide the extent to which you

believe any witness.

You must pay very careful attention to the testimony of all of the witnesses because you will not have any transcripts or summaries of the testimony available to you during your deliberations. You will have to rely entirely on your memory and your notes if you choose to take any.

**Instruction 1.105 NOTETAKING BY JURORS**

When you took your seats, you probably noticed that each of you had a notebook and pencil waiting for you. That is because I permit jurors to take notes during trial if they wish. Whether you take notes or not is entirely up to you. Many people find that taking notes helps them remember testimony and evidence; others find it distracts them from listening to the witnesses.

You will be permitted to take your notebooks back with you into the jury room during deliberations. You should remember, however, that your notes are only an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who do not take notes should rely on their own memory of the evidence and should not be influenced by another juror's notes.

Other than during your deliberations, the notebooks will remain locked in the courtroom during recesses and overnight. You will not be able to take the notebooks with you as you come and go and you will not be permitted to take them home with you overnight. At the end of the trial, when you come back to the courtroom to deliver your verdict, your notebooks will be collected, and the pages torn out and destroyed. No one, including myself, will ever look at any notes you have taken, so you may feel free to write whatever you wish.

**RESUME Instruction 1.102**

As human beings, we all have personal likes and dislikes, opinions, prejudices, and biases. Generally, we are aware of these things, but you also should consider the possibility that you have implicit biases, that is, biases of which you may not be consciously aware. Personal prejudices, preferences, or biases have no place in a courtroom, where the goal is to arrive at a just and impartial verdict. All people deserve fair treatment in the legal system regardless of race, national or ethnic origin, religion, age, disability, sex, gender identity or expression, sexual orientation, education, income level, or any other personal characteristic. You should determine the facts solely from a fair consideration of the evidence.

During this trial, I may rule on motions and objections by the lawyers, make comments to lawyers, question the witnesses, and instruct you on the law. You should not take any of my statements or actions as any indication of my opinion about how you should decide the facts. If you think that somehow I have expressed or even hinted at any opinion as to the facts in this case, you should disregard it. The verdict in this case is your sole and exclusive responsibility.

You may consider only the evidence properly admitted in this case. That evidence includes the sworn testimony of witnesses and the exhibits admitted into evidence. Sometimes a lawyer's question suggests the existence of a fact, but the lawyer's question alone is not evidence. If the evidence includes anything other than testimony and exhibits, I will instruct you about these other types of evidence when they are admitted during the trial.

During the trial, if the court or a lawyer makes a statement or asks a question that refers to evidence that you remember differently, you should rely on your memory of the evidence during

your deliberations.

The lawyers may object when the other side asks a question, makes an argument, or offers evidence that the objecting lawyer believes is not properly admissible. You must not hold such objections against the lawyer who makes them or the party s/he represents. It is the lawyer's responsibility to object to evidence that they believe is not admissible.

If I sustain an objection to a question asked by a lawyer, the question must be withdrawn, and you must not guess or speculate what the answer to the question would have been. If a question is asked and answered, and I then rule that the answer should be stricken from the record, you must disregard both the question and the answer in your deliberations. You should follow this same rule if any of the exhibits are stricken.

You are not permitted to discuss this case with anyone until this case is submitted to you for your decision at the end of my final instructions. This means that, until the case is submitted to you, you may not talk about it even with your fellow jurors. This is because we don't want you making decisions until you've heard all the evidence and the instructions of law. In addition, you may not talk about the case with anyone else. It should go without saying that you also may not write about the case electronically through any blog, posting, or other communication, including "social networking" sites such as Facebook or Twitter until you have delivered your verdict and the case is over. This is because you must decide the case based on what happens here in the courtroom, not on what someone may or may not tell you outside the courtroom. I'm sure that, when we take our first recess, you will call home or work and tell them you have been selected for a jury. They will undoubtedly ask what kind of case you're sitting on. You may tell them it is a criminal case, but nothing else. Now, when the case is over, you may discuss any part of it with

13

anyone you wish, but until then, you may not do so.

Although it is a natural human tendency to talk with people with whom you may come into contact, you must not talk to any of the parties, their attorneys, or any witnesses in this case during the time you serve on this jury. If you encounter anyone connected with the case outside the courtroom, you should avoid having any conversation with them, overhearing their conversation, or having any contact with them at all. For example, if you find yourself in a courthouse corridor, elevator, or any other location where the case is being discussed by attorneys, parties, witnesses, or anyone else, you should immediately leave the area to avoid hearing such discussions. If you do overhear a discussion about the case, you should report that to me as soon as you can. Finally, if you see any of the attorneys or witnesses involved in the case and they turn and walk away from you, they are not being rude; they are merely following the same instruction that I gave to them.

It is very unlikely, but if someone tries to talk to you about the case, you should refuse to do so and immediately let me know by telling the clerk or the marshal. Don't tell the other jurors; just let me know, and I'll bring you in to discuss it.

Between now and when you are discharged from jury duty, you must not provide to or receive from anyone, including friends, co-workers, and family members, any information about your jury service. You may tell those who need to know where you are, that you have been picked for a jury, and how long the case may take. However, you must not give anyone any information about the case itself or the people involved in the case. You must also warn people not to try to say anything to you or write to you about your jury service or the case. This includes face-to-face, phone, or computer communications.

In this age of electronic communication, I want to stress that you must not use electronic

devices or computers to talk about this case, including tweeting, texting, blogging, e-mailing, posting information on a website or chat room, or any other means at all. Do not send or accept messages, including email and text messages, about your jury service. You must not disclose your thoughts about your jury service or ask for advice on how to decide any case.

You must decide the facts based on the evidence presented in court and according to the legal principles about which I will instruct you. You are not permitted, during the course of the trial, to conduct any independent investigation or research about the case. That means, for example, you cannot use the Internet to do research about the facts or the law or the people involved in the case. Research includes something even as simple or seemingly harmless as using the Internet to look up a legal term or view a satellite photo of the scene of the alleged crime.

I want to explain the reasons why you should not conduct your own investigation. All parties have a right to have the case decided only on evidence and legal rules that they know about and that they have a chance to respond to. Relying on information you get outside this courtroom is unfair because the parties would not have a chance to refute, correct, or explain it. Unfortunately, information that we get over the Internet or from other sources may be incomplete or misleading or just plain wrong. It is up to you to decide whether to credit any evidence presented in court and only the evidence presented in court may be considered. If evidence or legal information has not been presented in court, you cannot rely on it.

Moreover, if any of you do your own research about the facts or the law, this may result in different jurors basing their decisions on different information. Each juror must make his or her decision based on the same evidence and under the same rules.

In some cases, there may be reports in the newspaper or on the radio, Internet, or television

concerning the case while the trial is ongoing. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention during trial, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

After I submit the case to you, you may discuss it only when I instruct you to do so, and only in the jury room and only in the presence of all your fellow jurors. It is important that you keep an open mind and not decide any issue in the case until after I submit the entire case to you with my final instructions.

## II.    Final Instructions.

**Instruction 2.100 FURNISHING THE JURY WITH A COPY OF THE INSTRUCTIONS**

I will provide you with a copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note. Please return your instructions to me when your verdict is rendered.

**Instruction 2.101 FUNCTION OF THE COURT**

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case.

It is your duty to accept the law as I instruct you. You should consider all the instructions as a whole. You may not ignore or refuse to follow any of them.

**Instruction 2.102 FUNCTION OF THE JURY**

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence. You alone decide the credibility or believability of the witnesses.

As I explained earlier, as human beings, we all have personal likes and dislikes, opinions, prejudices, and biases. Generally, we are aware of these things, but you also should consider the possibility that you have implicit biases, that is, biases of which you may not be consciously aware. Personal prejudices, preferences, or biases have no place in a courtroom, where the goal is to arrive at a just and impartial verdict. All people deserve fair treatment in the legal system regardless of

17

any personal characteristic, such as race, national or ethnic origin, religion, age, disability, sex, gender identity or expression, sexual orientation, education, or income level, or any other personal characteristic. You should determine the facts solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it. The verdict in this case is your sole and exclusive responsibility.

**Instruction 2.103 JURY'S RECOLLECTION CONTROLS**

If any reference by me or the attorneys to the evidence is different from your own memory of the evidence, it is your memory that should control during your deliberations.

**Instruction 2.104 EVIDENCE IN THE CASE--JUDICIAL NOTICE, STIPULATIONS, DEPOSITIONS**

During your deliberations, you may consider only the evidence properly admitted in this trial. The evidence in this case consists of the sworn testimony of the witnesses, the exhibits that were admitted into evidence [the facts of which I took judicial notice] [the facts and testimony stipulated to by the parties].

In this case, I took judicial notice of [describe fact of which the court took judicial notice]. When I take judicial notice of a particular fact, you may regard that fact as proven evidence. [Because you are the sole judges of the **facts, however, you** are not required to accept any fact that is judicially noted.]

[During the trial, you were told that the parties had stipulated—that is, agreed—to certain facts. You should consider any stipulation of fact to be undisputed evidence.]

[During the trial, you were told that the parties had stipulated—that is, agreed—to what testimony [name of witness] would have given if s/he had testified in this case. You should

consider this stipulated testimony to be exactly what s/he would have said had s/he testified here.]

When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in the light of your experience. You should give any evidence such weight as in your judgment it is fairly entitled to receive.

**Instruction 2.105 STATEMENTS OF COUNSEL**

The statements and arguments of the lawyers are not evidence. They are only intended to assist you in understanding the evidence. Similarly, the questions of the lawyers are not evidence.

**Instruction 2.106 INDICTMENT OR INFORMATION NOT EVIDENCE**

The indictment is merely the formal way of accusing a person of a crime. You must not consider the indictment as evidence of any kind—you may not consider it as any evidence Mr. Winckler's guilt or draw any inference of guilt from it.

**Instruction 2.107 BURDEN OF PROOF – PRESUMPTION OF INNOCENCE**

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven he is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require Mr. Winckler to prove his innocence or to produce any evidence at all. If you find that the government has proven beyond a reasonable doubt every element of the particular offense with Mr. Winckler is charged, it is your duty to find him guilty of that offense. On the other hand, if you find the government has failed to prove any element of the particular offense beyond a reasonable doubt, it is your duty it is your duty to find the defendant not guilty of that

offense. [2]


## Instruction 2.108 REASONABLE DOUBT (U.S. District Court version)[3]

As I have said many times, the government has the burden of proving the Mr. Winckler guilty beyond a reasonable doubt. Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely true than not true. In criminal cases, the government's proof must be more powerful than that. It must be beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the

---

[2]    The defense requests that "it is your duty to find the defendant not guilty" be changed to "you must." Source: Red Book 2.107. This instruction mirrors the Redbook instruction with the exception of the italicized words in the last sentence, substituting "you must" for "it is your duty." Previous versions of the Redbook read this way, but the instruction was changed in April 2008, apparently simply to make the language parallel – "duty to find him guilty" and "duty to find him not guilty." However, the responsibilities are not parallel. It is not merely a duty, but an absolute requirement to find Mr. Winckler not guilty if the government fails to meet its burden – the jury must find him not guilty. *See United States v. Pierre*, 974 F.2d 1355 (D.C. Cir. 1992) (approving of instruction that provided that it was jury's duty to convict if proof beyond a reasonable doubt and must find guilty if no proof beyond a reasonable doubt).

The government opposes this revision because the responsibilities are parallel. *See, e.g.*, *United States v. Washington*, 705 F.2d 489, 494 (D.C. Cir. 1983) ("A jury has no more 'right' to find a 'guilty' defendant 'not guilty' than it has to find a 'not guilty' defendant 'guilty,' and the fact that the former cannot be corrected by a court, while the latter can be, does not create a right out of the power to misapply the law.").


[3]    *See United States v. Taylor*, 997 F.2d 1551, 1558 (D.C. Cir. 1993) (finding no error when trial court used Federal Judicial Center's Pattern Instruction 28 for "reasonable doubt," noting that Redbook instruction is not mandatory; approving use of phrases "firmly convinced" and "real possibility of innocence" and suggesting that a court need not give any instruction defining "reasonable doubt").

defendant's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. The government is not required to establish guilt beyond all doubt, or to a mathematical certainty or a scientific certainty. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

**Instruction 2.109 DIRECT AND CIRCUMSTANTIAL EVIDENCE**

There are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example. Assume a person looked out a window and saw that snow was falling. If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen. Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up. His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial. You are permitted to give equal weight to both. Circumstantial evidence does not require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

**Instruction 2.110 NATURE OF CHARGES NOT TO BE CONSIDERED**

One of the questions you were asked when we were selecting this jury was whether the nature of the charge itself would affect your ability to reach a fair and impartial verdict. We asked you that question because you must not allow the nature of a charge to affect your verdict. You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

**Instruction 2.111 NUMBER OF WITNESSES**

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side. Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe. You might find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side or you might find the opposite.

**Instruction 2.112 INADMISSIBLE AND STRICKEN EVIDENCE**

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper. You must not hold such objections against the lawyer who made them or the party s/he represents. It is the lawyers' responsibility to object to evidence that they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been. If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer and they should play no part in your deliberations.  Likewise, exhibits as to which I have sustained an objection or that I ordered stricken are not evidence, and you must

not consider them in your deliberations.

**Instruction 2.200 CREDIBILITY OF WITNESSES**

In determining whether the government has proved the charges against the defendant beyond a reasonable doubt, you must consider the testimony of all the witnesses who have testified.

You are the sole judges of the credibility of the witnesses. You alone determine whether to believe any witness and the extent to which a witness should be believed. Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified.

As I instructed you at the beginning of trial and again just now, you should evaluate the credibility of witnesses free from prejudices and biases.

You may consider anything else that in your judgment affects the credibility of any witness. For example, you may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as having an accurate memory; whether the witness has any reason for not telling the truth; whether the witness had a meaningful opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, stands to gain anything by testifying, or has friendship or hostility toward other people concerned with this case.

In evaluating the accuracy of a witness's memory, you may consider the circumstances surrounding the event, including the time that elapsed between the event and any later recollections of the event, and the circumstances under which the witness was asked to recall details of the event.

You may consider whether there are any consistencies or inconsistencies in a witness's testimony or between the witness's testimony and any previous statements made by the witness.

You may also consider any consistencies or inconsistencies between the witness's testimony and any other evidence that you credit. You may consider whether any inconsistencies are the result of lapses in memory, mistake, misunderstanding, intentional falsehood, or differences in perception. You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other evidence that you credit.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, or motivated by self-interest, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

**Instruction 2.207 POLICE OFFICER'S TESTIMONY**

A law enforcement agent's or a police officer's testimony should be evaluated by you just as any other evidence in the case.  In evaluating the agent's or officer's credibility, you should use the same guidelines that you apply to the testimony of any witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because s/he is an agent or a police officer.

**Instruction 2.208 RIGHT OF DEFENDANT NOT TO TESTIFY (AS APPROPRIATE)**

Every defendant in a criminal case has an absolute right not to testify. Mr. Winckler has chosen to exercise this right. You must not hold this decision against him, and it would be improper for you to speculate as to the reason or reasons for his decision. You must not assume the defendant

is guilty because he chose not to testify.

**Instruction 2.209 DEFENDANT AS WITNESS (AS APPROPRIATE)**

A defendant has a right to become a witness in his own behalf. His testimony should not be disbelieved merely because he is the defendant. In evaluating his testimony, however, you may consider the fact that the defendant has a vital interest in the outcome of this trial. As with the testimony of any other witness, you should give the defendant's testimony as much weight as in your judgment it deserves.

**[Instruction 2.210 FALSE OR INCONSISTENT STATEMENT BY DEFENDANT]**

[You have heard evidence that [name of defendant] made statements in explanation of his actions that may have been false or inconsistent. It is up to you to decide whether he made the statements, and whether they were, in fact, false or inconsistent. If you find he did make such statements and that they were false or inconsistent, you may consider such evidence as tending to show his feelings of guilt, which you may, in turn, consider as tending to show actual guilt.     On the other hand, you may also consider that he may have given such statements for reasons [unrelated to this case or] consistent with his innocence.

If you find that [name of defendant] made a false or inconsistent statement in explanation of his actions, you should give the testimony as much weight as in your judgment it deserves.]

**2.215        EVALUATION OF PRIOR INCONSISTENT STATEMENT OF A WITNESS (if applicable)**

The law treats prior inconsistent statements differently depending on the circumstances in which they were made.  I will now explain how you should evaluate those statements.

You have heard evidence that [name of witness] made a statement on an earlier occasion and that this statement may be inconsistent with his/her testimony here at trial.  It is for you to

decide whether the witness made such a statement and whether in fact it was inconsistent with the witness's testimony here.  If you find such an inconsistency, you may consider the earlier statement in judging the credibility of the witness, but you may not consider it as evidence that what was said in the earlier statement was true.

You [also] have heard evidence that [name of witness] made an earlier statement under oath, subject to the penalty of perjury at [a prior proceeding] [the grand jury] and that this statement[s] may be inconsistent with [his] [her] [their] testimony here at trial.  If you find that the earlier statement is inconsistent with the witness's testimony here in court, you may consider this inconsistency in judging the credibility of the witness.  [However, unlike statements not made under oath,] [Y]ou also may consider this earlier statement as evidence that what was said in the earlier statement was true.

You [also] have heard evidence that [name of witness] [made an identification] [provided a description] on an earlier occasion, and that his/her testimony here at trial may be inconsistent with that [identification] [description].  It is for you to decide whether s/he [made such an identification] [provided such a description] and whether his/her testimony here was, in fact, inconsistent with it.  If you find such an inconsistency, you may consider this inconsistency in judging the credibility of [name of witness].  You also may consider the earlier [identification] [description] as evidence that the prior [identification] [description] was true.

**Instruction 2.216 EVALUATION OF PRIOR CONSISTENT STATEMENT OF A WITNESS (if applicable)**

You have heard evidence that [name of witness] [name of defendant] made a statement on an earlier occasion and that this statement may be consistent with his/her testimony here at trial.

27

This earlier statement was brought to your attention both to help you in evaluating the credibility of the witness and as evidence in this case. In other words, if you find that the earlier statement is consistent with the witness's present testimony in court, you may consider this consistency both in judging the credibility of the witness here at trial and as proof that what was said in the earlier statement was true.

It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact consistent with the witness's in-court testimony here.

**Instruction 3.101 PROOF OF STATE OF MIND**

Someone's intent ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer someone's intent from the surrounding circumstances. You may consider any statement made or acts done by Mr. Wincker, and all other facts and circumstances received in evidence which indicate his intent [state of mind].

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts he intentionally did. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that a defendant acted with the necessary state of mind.

**Instruction 2.305 STATEMENTS OF THE DEFENDANT—SUBSTANTIVE EVIDENCE (if applicable)**

You have heard evidence that the defendant made statements to the police about the crime charged.  You must decide how much weight to give the statement.  For example, you may consider whether he made the statement voluntarily and understood what he was saying.  You may

consider whether he was forced, threatened, or pressured, either physically or psychologically, and whether he was promised any reward or benefit for making the statement. You may consider all of the conversations between him and the police. You may consider whether the police warned him of his rights. You may consider where and when the statement was given; the duration of any questioning; who was present during some or all of the questioning of the defendant; and whether the police recorded some or all of the conversations. You may consider the age, education, experience, intelligence and the physical and mental condition of the defendant.

## COUNT ONE

The defendant is charged with a violation of Section 39A of Title 18 of the United States Code. That violation is referred to as a Aiming a Laser Pointer at an Aircraft.

In order to find the defendant guilty of Aiming a Laser Pointer at an Aircraft the government must prove beyond a reasonable doubt each of the following elements:

First, that the defendant aimed the beam of a laser pointer at an aircraft or its flight path;

Second, that aircraft was in the special aircraft jurisdiction of the United States; and

Third, that the defendant acted knowingly.

The first element that the government must prove beyond a reasonable doubt is that the defendant aimed the beam the laser pointer at an aircraft or its flight path. To satisfy this element, the government must prove that the defendant aimed the beam of a laser pointer at an aircraft or its flight path. This does not mean that the government must prove that the laser beam actually reached the aircraft. Nor does it mean that any occupant of the aircraft must have seen the laser

beam.[4] The government may prove this element through direct evidence or by circumstantial evidence.

The second element that the government must prove beyond a reasonable doubt is that the aircraft was in the special jurisdiction of the United States.  To satisfy this element, the government must prove that the aircraft was one of the following aircraft in flight:

**(A)** a civil aircraft of the United States;

**(B)** an aircraft of the armed forces of the United States; or

**(C)** another aircraft in the United States.[5]

The third element that the government must prove beyond a reasonable doubt is that the defendant acted knowingly.  To satisfy this element, as that term is used in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

### Instruction 2.405 UNANIMITY--GENERAL

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict. In other words, your verdict must be unanimous.

### Instruction 2.407 VERDICT FORM EXPLANATION

You will be provided with a Verdict Form for use when you have concluded your deliberations. The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be. Nothing in the form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about the elements which the government must prove beyond a reasonable doubt. The form is

---

4 As *United States v. Smith* held, there is no requirement that the defendant intended for the laser beam to actually reach or strike the aircraft in question; aiming is enough.  *U.S. v. Smith*, 756 F.3d 1070 (8th Cir. 2014).
5 *See* 49 USC 46501.

meant only to assist you in recording your verdict.

**Instruction 2.501 EXHIBITS DURING DELIBERATIONS**

I will be sending into the jury room with you the exhibits that have been admitted into evidence. You may examine any or all of them as you consider your verdicts. Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

**Instruction 2.502 SELECTION OF FOREPERSON**

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission—to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

**Instruction 2.505 POSSIBLE PUNISHMENT NOT RELEVANT**

The question of possible punishment of the defendant in the event a conviction is not a concern of yours and should not enter into or influence your deliberations in any way. The duty of imposing sentence in the event of a conviction rests exclusively with me. Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

**Instruction 2.508 CAUTIONARY INSTRUCTION ON PUBLICITY, COMMUNICATION AND RESEARCH**

I would like to remind you that, in some cases, although not necessarily this one, there may be reports in the newspaper or on the radio, internet, or television concerning this case. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

As you retire to the jury room to deliberate, I also wish to remind you of an instruction I gave you at the beginning of the trial. During deliberations, you may not communicate with anyone not on the jury about this case. This includes any electronic communication such as email or text or any blogging about the case. In addition, you may not conduct any independent investigation during deliberations. This means you may not conduct any research in person or electronically via the internet or in another way.

**Instruction 2.509 COMMUNICATIONS BETWEEN COURT AND JURY DURING JURY'S DELIBERATIONS**

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person—not the clerk, the marshal or me—how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter—for example, 6-6 or 7-5 or 11-1, or in any other fashion—whether the vote is for conviction or acquittal or on any other issue in the case.

**Instruction 2.510 ATTITUDE AND CONDUCT OF JURORS IN DELIBERATIONS**

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance. It may not be useful for a juror, upon entering the jury room, to voice a strong expression of an opinion on the case or to announce a determination to stand for a certain verdict. When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case. Furthermore, many juries find it useful to avoid an initial vote upon retiring to the jury room. Calmly reviewing and discussing the case at the beginning of deliberations is often a more useful way to proceed. Remember that you are not partisans or advocates in this matter, but you are judges of the facts.

**Instruction 2.511 EXCUSING ALTERNATE JURORS**

The last thing I must do before you begin your deliberations is to excuse the alternate jurors. As I told you before, the selection of alternates was an entirely random process; it's nothing personal. We selected two seats to be the alternate seats before any of you entered the courtroom. Since the rest of you have remained healthy and attentive, I can now excuse those jurors in seats [insert seat numbers].

Before you two leave, I am going to ask you to tear out a page from your notebook, and to write down your name and daytime phone number and hand this to the clerk. I do this because it is possible, though unlikely, that we will need to summon you back to rejoin the jury in case something happens to a regular juror. Since that possibility exists, I am also going to instruct you not to discuss the case with anyone until we call you. My earlier instruction on use of the Internet still applies; do not research this case or communicate about it on the Internet. In all likelihood, we will be calling you to tell you there has been a verdict and you are now free to discuss the case; there is, however, the small chance that we will need to bring you back on to the jury. Thank you very much for your service, and please report back to the jury office to turn in your badge on your way out.

## <u>List of Expert Witnesses</u>

Neither party intends to present expert witnesses.

## <u>List of Prior Convictions</u>

Mr. Winckler does not have any prior impeachable convictions.

## <u>List of Potential Witnesses</u>

United States Secret Service Officer Diego Santiago

United States Secret Service Special Agent Spencer Schuster

United States Secret Service Special Agent James Butler

Tyress Smith, Investigator

## <u>List of Exhibits</u>

| NO. | ITEM | DESCRIPTION | OBJECTION |
|-----|------|-------------|-----------|
| 1 | Laser Pointer | 4-5" laser pointer | None |
| 2 | Video | Surveillance video of the 1600 block of Constitution Avenue NW | None |
| 3 | Video | Surveillance video of the 1600 block of Constitution Avenue NW | None |
| 4 | Map | Map of White House grounds and 1600 block of Constitution Ave | None |
| 5 | Photo | Photo of Marine One Helicopter | None |
| 6 | Video | Video of Marine One taking off from White House grounds and travelling towards Washington Monument | None |

**<u>Proposed Verdict Form.</u>**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **CR. NO. 25-cr-000298(BAH)** |
| | **:** | |
| **JACOB SAMUEL WINKLER** | **:** | |
| **a/k/a JACOB SAMUEL WINCKLER** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

**<u>JURY VERDICT FORM</u>**

**<u>COUNT ONE</u>**

With respect to the charge of violating Section 39A of Title 18 of the United States Code,

we the jury find the Defendant

_____ Not Guilty                              _____ Guilty

_____                    _____
DATE                                                        FOREPERSON

36