**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal Action No. 25-298 (BAH) |
| JACOB SAMUEL WINKLER, | Judge Beryl A. Howell |
| Defendant. | |

**INSTRUCTIONS TO THE JURY**

The attached instructions were read to the jury in the trial of the captioned case and given to the jury for deliberations on January 13, 2026.

Date: January 13, 2026

*Beryl A. Howell*

**BERYL A. HOWELL**
U.S. District Court Judge

JURY INSTRUCTIONS– *U.S. v. Winkler*, 25cr298

Ladies and gentlemen, at this time, it is my duty and responsibility as the trial judge to give you instructions as to the law that applies to this case and to the evidence that has been presented. It is your sworn duty to base your verdict upon the law given in these instructions and upon the evidence that has been admitted in this trial.

I am going to give each of you with a copy of these instructions, so you do not need to take notes. I see some of you picking up pens to take notes very conscientiously and I do appreciate that—but you just need to listen.

During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole, and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note. I will give you instructions on how to do that at the end of these instructions. The copy of these instructions given to you will be returned to me when you render your verdict.

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case. It is your duty to accept the law as I instruct you.

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence. You alone decide the credibility or believability of the witness.

As I explained earlier, as human beings, we all have personal likes and dislikes, opinions, prejudices, and biases. Generally, we are aware of these things, but you also should consider the possibility that you have implicit biases, that is, biases of which you may not be consciously aware. Personal prejudices, preferences, or biases have no place in the courtroom, where the goal is to arrive at a just and impartial verdict. All people deserve fair treatment in the legal system regardless of any personal characteristic, such as race, national or ethnic origin, religion, age, disability, sex, gender identity or expression, sexual orientation, education, or income level, or any other personal characteristic. You should determine the facts solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it. The verdict in this case is your sole and exclusive responsibility.

If any reference by me or the attorneys to the evidence is different from your own memory of the evidence, it is your memory that should control during your deliberations.

During your deliberations, you may consider only the evidence properly admitted in this trial. The evidence in this case consists of the sworn testimony of the witness and the exhibits that were admitted into evidence.

When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in the light of your experience. You should give any evidence such weight as in your judgment it is fairly entitled to receive.

The statements and arguments of the lawyers are not evidence. They are only intended to assist you in understanding the evidence. Similarly, the questions of the lawyers are not evidence.

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven he is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require **Mr. Winkler** to prove his innocence or to produce any evidence at all. If you find that the government has proven beyond a reasonable doubt every

element of the offense with which **Mr. Winkler** is charged, it is your duty to find him guilty of that offense. On the other hand, if you find the government has failed to prove any element of the offense beyond a reasonable doubt, it is your duty find the defendant not guilty of that offense.

As I have mentioned before, the government has the burden of proving **Mr. Winkler** guilty beyond a reasonable doubt. Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely true than not true. In criminal cases, the government's proof must be more powerful than that. It must be beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. The government is not required to establish guilt beyond all doubt, or to a mathematical certainty or a scientific certainty. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

There are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is called circumstantial evidence.

Let me give you an example. Assume a person looked out a window and saw that snow was falling. If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen. Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up. His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial. You are permitted to give equal weight to both. Circumstantial evidence does not require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

Among the questions you were asked when we were selecting this jury was whether the nature of the charge itself would affect your ability to reach a fair and impartial verdict. You were asked about that because you must not allow the nature of a charge to affect your verdict. You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side. Rather, you should consider all the facts and circumstances in evidence to determine whether you believe the witness.

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper. You must not hold such objections against the lawyer who made them or the party she represents. It is the lawyers' responsibility to object to evidence that they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been.

## EVALUATION OF TESTIMONY

In determining whether the government has proved the charges against the defendant beyond a reasonable doubt, you must consider the testimony of the witness who has testified.

You are the sole judges of the credibility of the witness. You alone determine whether to believe a witness and the extent to which a witness should be believed. Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified.

As I instructed you at the beginning of trial and again now, you should evaluate the credibility of the witness free from prejudices and biases.

You may consider anything else that in your judgment affects the credibility of any witness. For example, you may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as having an accurate memory; whether the witness has any reason for not telling the truth; whether the witness had a meaningful opportunity to observe the matters about which he has testified; whether the witness has any interest in the outcome of this case, stands to gain anything by testifying, or has a friendship or hostility toward other people concerned with this case.

In evaluating the accuracy of a witness's memory, you may consider the circumstances surrounding the event, including the time that elapsed between the event and any later recollections of the event, and the circumstances under which the witness was asked to recall details of the event.

You may consider whether there are any consistencies or inconsistencies in a witness's testimony or between the witness's testimony and any previous statements made by the witness. You may also consider any consistencies or inconsistencies between the witness's testimony and any other evidence that you credit. You may consider whether any inconsistencies are the result of lapses in memory, mistake, misunderstanding, intentional falsehood, or differences in perception. You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other evidence that you credit.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, or motivated by self-interest, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of the witness such weight as in your judgment it is fairly entitled to receive.

The testimony of a law enforcement officer should be evaluated by you just as any other evidence in the case. In evaluating the officer's credibility, you should use the same guidelines that you apply to the testimony of any witness. In no event should you give either greater or lesser weight to the testimony of the witness merely because he is a law enforcement officer.

Every defendant in a criminal case has an absolute right not to testify. **Mr. Winkler** has chosen to exercise this right. You must not hold this decision against him, and it would be improper for you to speculate as to the

reason or reasons for his decision.  You must not assume the defendant is guilty because he chose not to testify.  That is his right.

The law treats prior inconsistent statements differently depending on the circumstances in which they were made.  I will now explain how you should evaluate those statements.

You have heard evidence that Officer Santiago made an earlier statement under oath, subject to the penalty of perjury at the grand jury and that this statement may be inconsistent with his testimony here at trial.  If you find that the earlier statement is inconsistent with the witness's testimony here in court, you may consider this inconsistency in judging the credibility of the witness.  You may also consider this earlier statement as evidence that what was said in the earlier statement was true.

You have also heard evidence that Officer Santiago made a statement on an earlier occasion and that this statement may be consistent with his testimony here at trial.  This earlier statement was brought to your attention both to help you in evaluating the credibility of the witness and as evidence in this case.  In other words, if you find that the earlier statement is consistent with the witness's present testimony in court, you may consider this consistency both in judging the credibility of the witness here at trial and as proof that what was said in the earlier statement was true.  It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact consistent with the witness's in-court testimony here.

Someone's intent ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer someone's intent from the surrounding circumstances.  You may consider any statement made or acts done by **Mr. Winkler**, and all other facts and circumstances received in evidence which indicate his intent.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts he intentionally did.  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.  You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that a defendant acted with the necessary state of mind.

## CHARGE

Now I'm going to turn to the charge.  At the beginning of the trial, I gave you preliminary instructions that generally described the charge that the government has brought against the defendant **Jacob Winkler**.  **Mr. Winkler** is charged with committing one offense charged in one count.  I will read that charge to you now and then explain the definition of terms used in the charge and the elements of the charge.  When no formal definition is provided for a term, please rely on your everyday understanding of the word.  Again, keep in mind that you will have a copy of these instructions when you deliberate, so you need not write any of this down.

Count One charges Mr. Winkler as follows:

On or about September 20, 2025, the defendant, Jacob Samuel Winkler also known as Jacob Samuel Winckler, while in the District of Columbia, knowingly aimed the beam of a laser pointer at an aircraft in the special aircraft jurisdiction of the United States, and/or at the flight path of such an aircraft, in violation of Aiming a Laser Pointer at an Aircraft, under Title 18, United States Code, Section 39A.

Two definitions are pertinent to your consideration of this charge.

A "laser pointer" is any device designed or used to amplify electromagnetic radiation by stimulated emission that emits a beam designed to be used by the operator as a pointer or highlighter to indicate, mark, or identify a specific position, place, item, or object.

An "aircraft" is a civil, military, or public contrivance invented, used, or designed to navigate, fly, or travel in the air.

In order to find the defendant guilty of Aiming a Laser Pointer at an Aircraft the government must prove beyond a reasonable doubt each of the following elements:

- First, that the defendant aimed the beam of a laser pointer at an aircraft or its flight path;
- Second, that aircraft was in the special aircraft jurisdiction of the United States; and
- Third, that the defendant acted knowingly.

The first element that the government must prove beyond a reasonable doubt is that the defendant aimed the beam of a laser pointer at an aircraft or its flight path. This does not mean that the government must prove that the laser beam actually reached the aircraft. Nor does it mean that any occupant of the aircraft must have seen the laser beam. The government may prove this element through direct evidence or by circumstantial evidence.

The second element that the government must prove beyond a reasonable doubt is that the aircraft was in the special jurisdiction of the United States. To satisfy this element, the government must prove that the aircraft was one of the following aircraft in flight:
(A)   a civil aircraft of the United States;
(B)   an aircraft of the armed forces of the United States; or
(C)   another aircraft in the United States.

The third element that the government must prove beyond a reasonable doubt is that the defendant acted knowingly. To satisfy this element, the government must prove that the defendant acted voluntarily and purposely and not because of mistake or accident or through inadvertence, to aim the beam of a laser pointer at an aircraft or its flight path.


## DELIBERATIONS AND LOGISTICAL MATTERS

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict. In other words, your verdict must be unanimous.

You will be provided with a Verdict Form for use when you have concluded your deliberations. The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be. Nothing in the form replaces the instructions of law I have already given to you, and nothing in it replaces or modifies the instructions about the elements which the government must prove beyond a reasonable doubt. The form is meant only to assist you in recording your verdict.

I will be sending into the jury room with you the exhibits that have been admitted into evidence. You may examine any or all of them as you consider your verdict. Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

JURY INSTRUCTIONS– *U.S. v. Winkler*, 25cr298

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission—to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

The question of possible punishment of the defendant in the event a conviction is not a concern of yours and should not enter into or influence your deliberations in any way. The duty of imposing a sentence in the event of a conviction rests exclusively with me. Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

I would like to remind you that, in some cases, although not necessarily this one, there may be reports in the newspaper or on the radio, internet, or television concerning this case. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention, do not discuss it with other jurors or anyone else. Just let the court security officer sitting outside the jury room know as soon after it happens as you can, and I will then briefly discuss it with you.

As you retire to the jury room to deliberate, I also wish to remind you of an instruction I gave you at the beginning of the trial. During deliberations, you may not communicate with anyone not on the jury about this case. This includes any electronic communication such as email or text or any blogging about the case. In addition, you may not conduct any independent investigation during deliberations. This means you may not conduct any research in person or electronically via the internet or in another way.

If it becomes necessary during your deliberations to communicate with me, you may send a note by the court security officer, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person—not the court security officer, not the courtroom deputy or me—how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter—for example, 6-6 or 7-5 or 11-1, or in any other fashion—whether the vote is for conviction or acquittal or on any other issue in the case.

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance. It may not be useful for a juror, upon entering the jury room, to voice a strong expression of an opinion on the case or to announce a determination to stand for a certain verdict. When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case. Furthermore, many juries find it useful to avoid an initial vote upon retiring to the jury room. Calmly reviewing and discussing the case at the beginning of deliberations is often a more useful way to proceed. Remember that you are not partisans or advocates in this matter, but you are judges of the facts.

JURY INSTRUCTIONS– *U.S. v. Winkler*, 25cr298

The last thing I must do before you begin your deliberations is to excuse the alternate jurors. As I told you before, the selection of alternates was an entirely random process; it's nothing personal. We selected two seats to be the alternate seats before any of you entered the courtroom. Since the rest of you have remained healthy and attentive, I can now excuse those jurors in **seats 13 and 14**.

Before you two leave, I am going to ask you to tear out a page from your notebook, and to write down your name and daytime phone number and hand this to Mr. Coates, the courtroom deputy. I do this because it is possible, though unlikely, that we will need to summon you back to rejoin the jury in case something happens to a regular juror during deliberations. Since that possibility exists, I am also going to instruct you not to discuss the case with anyone until we call you. My earlier instruction on use of the Internet still applies; do not research this case or communicate about it on the Internet. In all likelihood, we will be calling you to tell you there has been a verdict and you are now free to discuss the case; there is, however, the small chance that we will need to bring you back on to the jury. Thank you very much for your service, and please report back to the jury office to turn in your badge on your way out.

*   *   *

**That concludes my final instructions. You may start your deliberations in the jury room.**